UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

In re:                                                    Chapter 15

BRITISH AMERICAN ISLE OF VENICE
(BVI) LIMITED                                             Case No.:

Debtor in a Foreign Proceeding
_____/

**VERIFIED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING**

Casey McDonald ("McDonald"), as duly appointed Liquidator for British American Isle of Venice ("BVI") and foreign representative ("Foreign Representative"), through his attorney, GrayRobinson, P.A., respectfully petitions this Court for entry of an order pursuant to sections 1515 and 1517 of Title 11 of the United States Code (the "Bankruptcy code") recognizing the insolvency proceeding (the "Foreign Proceeding") pending before the Eastern Caribbean Supreme Court in the High Court of Justice, British Virgin Islands, Commercial Division (the "British Virgin Islands Court") as a Foreign Main Proceeding, thereby granting relief pursuant to 11 U.S.C. §1520 and/or §1521, and in support thereof would show the Court as follows:

**I.     JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

3.     Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1410.

**II.    PROCEDURAL BACKGROUND**

4.     BVI is a company incorporated on December 18, 2001 under the laws of The British Virgin Islands.

5.	On October 28, 2009, McDonald was appointed Provisional Liquidator for BVI under section 170(1) of the BVI Insolvency Act 2003, (hereinafter, the "BVI Insolvency Act"). A true and correct copy of the certified copy of the Order appointing McDonald is attached to as Exhibit "A", pursuant to 11 U.S.C. § 1515(b)(1).

6.	On February 15, 2010, McDonald was appointed Liquidator for BVI under the BVI Insolvency Act. A true and correct copy of the certified copy of the Order appointing McDonald is attached to as Exhibit "B", pursuant to 11 U.S.C. § 1515(b)(1).

### III.  REQUEST FOR RECOGNITION OF FOREIGN PROCEEDING AS MAIN PROCEEDING

7.	BVI has a foreign proceeding as defined in 11 U.S.C. § 1502 and 101(23).

8.	The foreign proceeding is a collective proceeding.

9.	The Foreign Proceeding is a judicial proceeding pending before the Eastern Caribbean Supreme Court in the High Court of Justice, British Virgin Islands, Commercial Court. This proceeding is the only foreign proceeding with respect to the Debtor that is known by the Foreign Representative.

10.	The foreign proceeding is pending in the British Virgin Islands, a foreign country where BVI was incorporated.

11.	The foreign proceeding is a proceeding pending under a law relating to insolvency or adjustment of debt.

12.	The foreign proceeding is a proceeding which subjects the assets and affairs of BVI to the control and supervision of a foreign court.

13.	The foreign proceeding is for the purpose of liquidation.

14.	The British Virgin Islands is presumptively the center of its main interest ("COMI") because it is where the Debtor's registered office is located.

15. As of the date of this Petition, all efforts on behalf of BVI, including all business functions, such as financial, administrative, and legal functions are conducted in the British Virgin Islands by Casey McDonald.

16. For the foregoing reasons, recognition of the proceeding pending in the British Virgin Islands as a foreign main proceeding is appropriate and warranted.

17. While the majority of BVI's direct assets are located in the British Virgin Islands, McDonald believes that certain of its assets are located in the Southern District of Florida. Specifically, the Debtor's British Virgin Islands assets are a bank account in the British Virgin Islands, and shares held in four British Virgin Islands subsidiaries. BVI's United States assets are direct interests in various Florida business entities which ultimately own real estate property located in the Southern District of Florida, as well as one piece of real estate in the Middle District of Florida.

18. BVI is involved in the following lawsuit pending in the United States:

    a. Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd., Case No.: 9:09-cv-80207-KAM pending in the U.S. District Court Southern District of Florida (West Palm Beach Division);

19. McDonald has filed a petition for recognition via Official Form 1 and this Verified Petition for Recognition of Foreign Main Proceeding (the "Petition") to protect BVI's assets for the benefit of creditors.

### III.    RELIEF REQUESTED

20. In furtherance of his duties as Liquidator of BVI McDonald seeks an Order from this Court pursuant to sections 105(a), 1507, 1515, 1517, 1520 and 1521 of the Bankruptcy Code, (the "Recognition Order"). McDonald seeks a Recognition Order which grants the following relief, which is necessary to best advance the liquidation of BVI:

      a.      The recognition of the Foreign Proceeding as a Foreign Main Proceeding as defined by section 1502;

      b.      The relief specified in section 1520 or 1521, including:

          i.      a declaration that § 361 and § 362 apply with respect to BVI and the property of its estate that is within the jurisdiction of the United States;

          ii.      sections 363, 549 and 552 apply to a transfer of an interest of BVI in property and assets that is within the jurisdiction of the United States to the same extent that the sections would apply to property of the estate;

          iii.      unless the court orders otherwise, McDonald may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by section § 363 and § 552;

          iv.      section 552 applies to property and assets of BVI that is within the territorial jurisdiction of the United States;

          v.      staying the commencement or continuation of any proceeding concerning the assets, rights, obligations, or liabilities of BVI, including any action or proceeding against the foreign representative in his capacity as Liquidator of British American Isle of Venice;

          vi.      Staying execution against the property and assets of BVI;

          vii.      Suspending the right to transfer or otherwise dispose of any of BVI's assets;

          viii.      Providing for the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning BVI's assets, affairs, rights, obligations, or liabilities;

    ix. Entrusting the administration or realization of all or part of BVI's assets within the territorial jurisdiction of the United States to McDonald;

    x. Extending any relief granted under section 1519(a); and

    vii. As the Court may deem just and proper, awarding any additional relief that may be available to a trustee, except for the relief available under sections 522, 544, 545, 547, 548, 550, and 724(a).

### IV. BASIS FOR RELIEF

**A. This Court has Jurisdiction to Recognize the Foreign Proceeding and Grant the Relief Requested**

21. This Court has jurisdiction to hear and determine cases commenced under the Bankruptcy Code as well as related proceedings. *See* 28 U.S.C. § 1334 (conferring to the district courts original and exclusive jurisdiction over bankruptcy cases) and 28 U.S.C. § 157 (providing that a district court may refer bankruptcy cases and related proceedings to a bankruptcy judge). By their statutory nature, chapter 15 cases arise under the Bankruptcy Code. Furthermore, recognition of foreign proceedings and other matters under chapter 15 are core proceedings that a bankruptcy judge may hear and determine. 28 U.S.C. § 157(b)(2)(P).

22. Venue with respect to BVI is proper in the Southern District of Florida, because BVI's assets within the United States are located within the district. 28 U.S.C. § 1410(I). Alternatively, venue is proper in the Southern District of Florida, because such venue is consistent with the interests of justice and convenience of the parties with regard to the relief sought by the foreign representative. 28 U.S.C. § 1410(3).

**B. This Court Should Enter an Order Recognizing the Foreign Proceeding as a Foreign Main Proceeding**

23. McDonald has satisfied the requirements for recognition of the Foreign Proceeding contained in Chapter 15 of the Bankruptcy Code.

5

a. McDonald qualifies as a "foreign representative" as defined in §101(24) of the Bankruptcy Code because he is a person authorized under British Virgin Island law, who has been appointed in a "foreign proceeding" as defined in § 101(23) under a law relating to insolvency or adjustment of debt which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court for the purpose of reorganization or liquidation; and

b. The Foreign Main Proceeding qualifies as a "foreign main proceeding" as defined in Sections 101(23) and 1502(4) of the Bankruptcy Code because:

1) it is pending in the British Virgin Islands where BVI was incorporated and is presumptively, the "center of its main interests" as the term is used in §§ 1502(4), 1516(c) and 1517(b)(1) and as provided under 1516(c) of the Bankruptcy Code. Moreover, as of the date of this Petition, the following facts also support the finding that the British Virgin Islands is the center of its main interests:

a. From the date of his appointment as Provisional Liquidator on October 28, 2009, all efforts on behalf of BVI including conducting its daily activities, efforts to investigate and ascertain its assets, and management of BVI's litigation in each of the jurisdictions are undertaken by and through McDonald in the British Virgin Islands;

b. BVI's primary assets consist of a bank account located in the British Virgin Islands, four British Virgin Islands incorporated companies, and three Florida incorporated entities. The total value of BVI is estimated at between $4.5 million and $8.5 million. Of this amount, the value of the Florida entities is estimated at $665,000 to $795,000, (approximately 8% – 17% of the total value), with the remainder related to British Virgin Islands assets;

6

c. There are no employees, operations or other evidence outside of the British Virgin Islands to suggest that BVI's COMI is anywhere other than the British Virgin Islands. The last of the BVI's directors resigned in July 2009, and since that time, there has been no one to direct BVI's actions with the exception of McDonald;

d. Furthermore, McDonald has notified all potential creditors of his appointment, and potential creditors have submitted claims in the British Virgin Islands proceedings, and attended creditor meetings. As a result, third parties would (and have) ascertained that BVI's center of main interests is in the British Virgin Islands, and it could not be concluded that COMI is anywhere other than the British Virgin Islands; and

2) it is a judicial proceeding under which BVI's assets and affairs are subject to the supervision of the BVI Court for the purpose of liquidation.

24. Accordingly, McDonald respectfully requests the entry of an Order pursuant to Sections 1504, 1515, 1517, 1520, and 1521 of the Bankruptcy Code providing that as of the date thereof;

a. The Foreign Proceeding is granted recognition as a foreign main proceeding pursuant to Sections 1517(a) and (b)(1) of the Bankruptcy Code;

b. McDonald is the duly appointed "foreign representative" of BVI as that term is defined in Section 101(24) of the Bankruptcy Code;

c. Sections 361 and 362 of the Bankruptcy Code apply with respect to BVI and its assets within the territorial jurisdiction of the United States;

d. Any interim relief afforded under Section 1519 shall continue in effect;

7

e.  Sections 363, 549 and 552 apply to a transfer of an interest in the United States assets to the same extent that the sections would apply to property of an estate under the Bankruptcy Code;

f.  Section 552 applies to the United States assets;

g.  The rights granted McDonald and to parties, other than McDonald, under § 1520(b) and (c) are preserved to their full extent;

h.  McDonald may operate BVI's business within the territorial jurisdiction of the United States and may exercise the powers of a trustee under and to the extent provided in Sections 363 and 552 of the Bankruptcy Code, without the giving of or filing of a bond;

i.  Pursuant to 11 U.S.C. § 1521, until further Order of the Court:

(1) to the extent that such actions are not otherwise stayed under 11 U.S.C. § 1520(a), all persons and entities (other than McDonald and his expressly authorized representatives and agents), are enjoined from commencing, pursuing, prosecuting and/or continuing any and all claims, causes of action and/or litigation against the Debtor and from executing against, selling, or otherwise disposing of any and all of the U.S. Assets, and from enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, order or arbitration award or lien against the Debtor or the U.S. Assets, except by or with the written consent of McDonald, provided, however, that, notwithstanding the foregoing, (a) no police or regulatory act of a governmental unit (including a criminal action or proceeding) shall be enjoined by the Order and (b) customers and other persons or entities that owe obligations to the Debtor are authorized to pay such obligations directly to the Debtor

  (2) the administration and realization on all or part of the U.S. Assets shall be entrusted to McDonald; and

  (3) McDonald's counsel is authorized to examine witnesses, take evidence and require the delivery of information and documents concerning the Debtor's assets, affairs, rights, obligations and liabilities pursuant to the Fed. R. Bankr. P. 2004.

j. The Foreign Proceeding shall be granted comity and given full force and effect;

k. The Court shall retain jurisdiction with respect to the enforcement, amendment or modification of the Order granting this Petition, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 case, and any request by an entity for relief from the provisions of the Order granting this Petition, for cause shown;

l. No action taken by McDonald, BVI or any of their successors, agents, representatives, advisors or counsel in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Foreign Proceeding, this Petition, an Order granting this Petition, or this Chapter 15 case or any adversary proceeding herein, or any further proceeding commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded such persons under 11 U.S.C. §§ 306 and 1510; and

m. Grants such other and further relief as the Court deems just and proper.

### iii. The Petition Meets the Requirements of Section 1515

25. The final finding that this Court must make before it is required to recognize a foreign proceeding is that the chapter 15 petition meets the requirements of section 1515. 11 U.S.C. § 1517(a)(3). This chapter 15 case properly commenced as required by sections 1504 and 1509 by the filing of the Petition under section 1515(a). Section 1504 provides that "[a] case under this chapter is commenced by the filing of a petition for recognition of a foreign

proceeding under section 1515." Section 1509(a) provides that "[a] foreign representative may commence a case under section 1504 by filing directly with the court a petition for recognition of a foreign proceeding under section 1515.

26. Section 1515 provides, in pertinent part:

 (a) A foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition.

 (b) A petition for recognition shall be accompanied by a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative.

 (c) A petition for recognition shall also be accompanied by a statement identifying all foreign proceedings with respect to the debtor that are known to the foreign representative.

27. "The minimal requirements of section 1515, coupled with the presumptions as to certain evidence submitted to support recognition, 11 U.S.C. § 1516, were 'designed to make recognition as simple and expedient as possible…'" *United States of America v. J.A. Jones Constr. Group. LLC*, 333 B.R.. 637, 639 (E.D.N.Y.2005).

28. Attached hereto as Exhibits are: (a) a certified copy of the decision commencing the Foreign Proceeding and Appointing McDonald as Provisional Liquidator of BVI; (b), a certified copy of the order appointing the McDonald as Liquidator of BVI; (c) included herein is a statement identifying all foreign proceedings with respect to BVI described herein as known by the Foreign Representative.

29. Considering all of the above, the Foreign Representative has filed all documents required by section 1515 of the Bankruptcy Code.

30. Section 1506 provides that "[n]othing in this chapter prevents the court from refusing to take an action governed by this chapter if the action would be manifestly contrary to public policy." But the legislative history makes clear that the public policy exception to recognition is to be narrowly construed and apply only to the "most fundamental policies of the United States." H.R. Rep. No, 109-31, at 1506 (2005).

31. Recognizing the Foreign Proceeding as a foreign main proceeding will not violate United States public policy. In fact, granting such recognition would be consistent with public policy by having a United States court cooperate with a foreign court, creating greater legal certainty for trade and investment, and promoting fair and efficient administration of cross-border insolvency cases. *See* 11 U.S.C. § 1501(a); *see also Cornfeld v. Investors Overseas Servs.*, 471 F. Supp. 1255, 1259 (S.D.N.Y 1979) ("[T]he firm policy of American courts is the staying of actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction."). Furthermore, the relief requested is consistent with, and critical to effectuate, the relief and protections provided by the Foreign Proceeding, which treats BVI's American's creditors in a way that is fair and reasonable in the context of the debtor's international financial circumstances. Thus, in order to preserve the interests of BVI and all of its constituents, it is imperative that all claims and distributions be administered uniformly in accordance with BVI law.

## V.    NOTICE AND NO PRIOR REQUEST

32. Notice of this Petition has been provided to: (a) parties identified in Bankruptcy Rule 2002(q)(1)[1]; (b) the United States Trustee; and (c) BVI's known creditors in the United States.

33. The Foreign Representative has not previously sought the relief requested herein from this or any other court.

## VI. CONCLUSION

50. The Foreign Representative believes that granting the relief sought herein will best assure an economical, expeditious and equitable administration of BVI's estate. Moreover, rather that exposing BVI to litigation and collection efforts that could lead to piecemeal distribution of its assets, as well as additional costs and distraction from the administration of the estate, the Foreign Representative will be afforded the "breathing room" to conduct an orderly liquidation of BVI's affairs so that its creditors receive equitable treatment.

WHEREFORE, the Foreign Representative respectfully requests that the Court enter an Order, granting the relief requested by the Petition and this Verified Petition and the Foreign Representative such other relief as may be just and proper.

Date: April 29, 2010

Respectfully submitted,
GRAYROBINSON, P.A.
*Counsel for Casey McDonald,*
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Leyza.Blanco@gray-robinson.com
Telephone:   (305) 416-6880
Facsimile:   (305) 416-6887
By:   /s/ Leyza F. Blanco
      Leyza F. Blanco
      Florida Bar No.: 104639

## VERIFICATION OF FOREIGN REPRESENTATIVE

Casey McDonald, being duly sworn, deposes and states:

1. I am the duly authorized liquidator and the foreign representative of British American Isle of Venice (BVI) LTD and am authorized to commence the Chapter 15 case. I request that the relief sought in the petition for recognition be granted.

2. I have read the foregoing petition for recognition and am informed and believe that the factual allegations contained in the petition are true and correct.

3. I verify under penalty of perjury under the laws of the United States of America that the factual allegations contained in the petition for recognition are true and correct.


Date: April 29, 2010                                /s/ Casey McDonald
                                                    Casey McDonald, as Liquidator and Foreign
                                                    Representative

# 258725 v1