UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

In re:                                                          Chapter 15

BRITISH AMERICAN ISLE OF VENICE                Case No.:
(BVI) LIMITED

    Debtor in a Foreign Proceeding
_____/

**EMERGENCY MOTION OF FOREIGN REPRESENTATIVE FOR APPLICATION OF AUTOMATIC STAY PURSUANT TO 11 U.S.C. §§ 105(a), 1519 and 1521**

    Pursuant to Local Rule 9075-1, the Foreign Representative respectfully submits that consideration of this Motion on an emergency basis is necessary to protect and preserve British American Isle of Venice's assets, promote British American Isle of Venice's prospects for reorganization and avoid irreparable harm. British American Isle of Venice respectfully requests that the Court schedule a hearing on this Motion for Tuesday, May 4, 2010 or as soon thereafter as is convenient for the Court. Efforts to resolve this matter without a hearing are impracticable because of the nature of the relief.

    Casey McDonald, as duly appointed Liquidator for British American Isle of Venice, ("McDonald" or "Foreign Representative") of British American Isle of Venice ("BVI"), in an insolvency proceeding under British Virgin Islands Law, currently pending before the Eastern Caribbean Supreme Court in the High Court of Justice, British Virgin Islands, Commercial Division (the "British Virgin Islands Court"), respectfully submits this motion (the "Motion") for application of the automatic stay pursuant to 11 U.S.C. §§ 105(a), 1519 and 1521 of title 11 of the United States Code (the "Bankruptcy Code") and respectfully represents as follows:

    **I.**    **JURISDICTION AND VENUE**

    1.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P).

3. Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1410.

## II. PROCEDURAL BACKGROUND

4. BVI is a company incorporated on December 18, 2001, under the laws of The British Virgin Islands.

5. On October 28, 2009, McDonald was appointed Provisional Liquidator for BVI under section 170(1) of the BVI Insolvency Act 2003, (hereinafter, the "BVI Insolvency Act"). A true and correct copy of the certified copy of the Order appointing McDonald is attached to as Exhibit "A", pursuant to 11 U.S.C. § 1515(b)(1).

6. On February 15, 2010, McDonald was appointed Liquidator for BVI under the BVI Insolvency Act. A true and correct copy of the certified copy of the Order appointing McDonald is attached to as Exhibit "B", pursuant to 11 U.S.C. § 1515(b)(1).

## III. REQUESTED RELIEF AND REASONS THEREFOR

7. To protect BVI's assets and its liquidation process in the Foreign Proceeding, the Foreign Representative seeks relief under 11 U.S.C. §§ 105(a), and 1519 and 1521. Specifically the Foreign Representative requests that, pending recognition by this Court of the Foreign Proceeding as a "foreign proceeding" pursuant to 11 U.S.C. § 1517, the automatic stay imposed by 11 U.S.C. § 362 be adopted and applied to: (a) BVI; and (b) BVI's assets located in the United States.

8. The Foreign Representative further requests that, following the recognition of the Foreign Proceeding, the Court grant relief under 11 U.S.C. §§ 105(a) and 1521(a), by staying the commencement or continuation of any action against BVI.

### A. Adoption of the Automatic Stay Pending Recognition

9. 11 U.S.C. § 1519 vests this Court with authority to adopt the automatic stay pending recognition of the Foreign Proceeding, and provides in pertinent part:

> (a) From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the Foreign Representative, where relief is urgently needed to protect the assets of the debtor or in the interests of creditors, grant relief of a provisional nature, **including** –
>
> (2) staying the execution against BVI's assets; (emphasis added).

10. The use of the word "including" in 11 U.S.C. § 1519 is not limiting. 11 U.S.C. §102(3); *Varsity Carpet Services, Inc. v. Richardson (In re: Colortex Indus., Inc.)*, 146 B.R. 881 (N.D.Ga. 1992) (interest on trade credit claims is included as an administrative expense claim); *Chira v. Salkin (In re: Chira)*, 378 B.R. 698, 713 (S.D. Fla. 2007) (statutory definition of "insider" is not limiting). The Court is therefore permitted to grant other types of relief to the extent urgently needed to protect the assets of BVI or the interests of its creditors.

11. In this instance, because potential commencement or continuation of actions against BVI (or its affiliated corporate entities) and/or its U.S. assets threatens the success of the Foreign Proceeding, which should be recognized by this Court as a foreign proceeding pursuant to 11 U.S.C. § 1517, such relief is plainly "included" within the types of relief contemplated by 11 U.S.C. § 1519 and is urgently needed.

12. The automatic stay is intended to: (a) stop collection efforts; (b) allow time for a collective procedure for the benefit of creditors; (c) give assurance to creditors that other creditors are not draining BVI's assets; and (d) harmonize the interests of creditors and of BVI. *In re: Pro-Fit Holdings, LTD*, 391 B.R. 850, 862 (Bkrtcy. C.D.Cal. 2008). This Court's ability

to stay "execution against BVI's assets" pursuant to 11 U.S.C. § 1519(a)(1) serves purposes for which the automatic stay is intended.

13. Provisional extension of the automatic stay is therefore "included" within the types of relief permitted by 11 U.S.C. §1519. *In re: Pro-Fit,* 391 B.R. at 867 (automatic stay provisionally extended pending ruling on recognition of Chapter 15 foreign proceeding).

14. As described above, BVI has an interest in various subsidiaries which own valuable real estate in Florida. It also has liabilities based on claims filed in the Foreign Proceeding that are estimated to be in excess of $420 million. BVI is a defendant in a lawsuit pending in the Southern District of Florida more specifically described as follows: *Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd.*, Case No.: 9:09-cv-80207-KAM pending in the U.S. District Court Southern District of Florida (West Palm Beach Division). Green Island Holdings, LLC has filed a Motion for Summary Judgment and BVI has filed a response and absent a stay of proceedings, the District Court may issue a ruling which may permit Green Island Holdings, LLC to get ahead of other creditors of BVI by virtue of a judgment lien.

15. Moreover, the pending litigation is impairing the Foreign Proceeding by distracting BVI's attention and depleting its limited resources. The defense of the action against BVI in the United States has expended valuable time and resources of BVI up to the point of the filing of this proceeding.

16. Notwithstanding the stay established in the Foreign Proceeding pending in the British Virgin Islands, and Green Island Holdings, LLC participation in such Foreign Proceeding at the meeting of creditors and with its subsequent filing of a claim, it has continued its litigation in the Southern District of Florida against BVI. Consequently, this Court's protection under

U.S.C. § 1519(a) is urgently needed to protect BVI and the interest of creditors and to stop the race to the courthouse which will continue absent relief under Chapter 15 of the Bankruptcy Code.

17. Under the circumstances, BVI urgently requires that the Court: (a) protect BVI and its United States assets from both existing and potential actions by creditors; (b) protect BVI from the efforts of creditors that could and would impair the Foreign Proceeding, which exists for the benefit of all creditors; (c) entrust the administration and realization of all or part of BVI's assets located in the United States to the Foreign Representative in order to protect and preserve the value of the assets; and (d) allowing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities.

18. The relief requested herein routinely has been granted in other Chapter 15 cases to foreign representatives. *In re: Pro-Fit, supra*, 391 B.R. at 867; *In re: Ho Seok Lee*, 348 B.R. 799, 800-01 (Bankr. W.D. Wash. 2006); *In re: ROL Manufacturing (Canada), Ltd.*, Chapter 15 Case No.: 08-31022 (Bankr. S.D. Ohio 2008) [CP# 11]; *In re: Afinsa Bienes Tangibles, S.A.*, Chapter 15 Case No.: 07-10675 (JMP) (Bankr. S.D.N.Y. 20070 [CP# 11].

### IV. CONCLUSION

19. For all of the foregoing reasons, the Court should exercise its authority under 11 U.S.C. §§ 1519, 1521 and 105(a) to extend the automatic stay as requested herein.

### NOTICE AND NO PRIOR REQUEST

20. The Foreign Representative is serving a copy of this Motion by electronic mail on the Debtor, all persons or bodies authorized to administer the Foreign Proceeding, all known entities against whom provisional relief is being sought, all parties to litigation pending in the

United States in which the BVI is a party at the time of the filing of the Petition, and all known creditors or parties in interest located in the United States.

21. The Foreign Representative and BVI have not previously sought the relief requested herein from this or any other court.

WHEREFORE, Casey McDonald, Foreign Representative, on BVI's behalf respectfully requests that this Court enter an Order: (a) prior to recognition of Foreign Proceeding, pursuant to 11 U.S.C. §§ 105(a) and 1519, extending the automatic stay imposed by 11 U.S.C. § 362 to: (i) BVI; (ii) BVI's assets located in the United States; (iii) after pursuant to 11 U.S.C. §§ 105(a) and 1519 staying the commencement or continuation of any action against BVI and (iv) any just and further relief the Court deems just and proper.

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1.

Date: April 29, 2010

Respectfully submitted,
GRAYROBINSON, P.A.
*Counsel to Foreign Representative*
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Leyza.Blanco@gray-robinson.com
Telephone:    (305) 416-6880
Facsimile:    (305) 416-6887

By:    /s/ Leyza F. Blanco
         Leyza F. Blanco
         Florida Bar No.: 104639