

**ORDERED in the Southern District of Florida on May 06, 2010.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

In re:                                                    Chapter 15

BRITISH AMERICAN ISLE OF VENICE                           Case No.: 10-21627-BKC-PGH
(BVI) LIMITED

    Debtor in a Foreign Proceeding
_____/

### ORDER GRANTING MOTION FOR APPLICATION OF THE AUTOMATIC STAY
### [C.P. #3]

THIS MATTER came before the Court on May 4, 2010 upon Casey McDonald's ("Foreign Representative"), as duly appointed Liquidator for British American Isle of Venice ("BVI"), Motion for Application of the Automatic Stay [C.P. #3], ("Motion to Stay"). The Court, having reviewed the Motion to Stay, heard argument of counsel, and the relevant record in this case, **FINDS:**

A.  That pursuant to 11 U.S.C §§ 105(a) and 1519 of the United States Bankruptcy Code, until the Court rules on the petition for recognition of a foreign proceeding, the Court, pursuant

to the request of the Foreign Representative and his Motion to Stay, finds that certain relief is urgently needed to protect BVI's assets and the interests of its creditors, and thus grants the following relief.

B.	That absent the relief granted herein, BVI will likely suffer irreparable harm.

C.	That the Motion to Stay meets the requirements of 11 U.S.C. § 1519(e).

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1.	The Motion to Stay is GRANTED.

2.	Pursuant to 11 U.S.C §§ 105(a) and 1519 of the United States Bankruptcy Code, from the time of BVI's filing of its petition for recognition of a foreign proceeding until the Court rules on such petition, the Court, pursuant to the request of the Foreign Representative and his Motion to Stay, finds that certain relief is urgently needed to protect BVI's assets and the interests of its creditors, and thus grants relief of a provisional nature, including:

	a.	staying execution by any and all persons or entities and the against BVI and BVI's assets located in the United States;

	b.	extending the automatic stay imposed by 11 U.S.C. § 362 to BVI and BVI's assets located in the United States;

	c.	staying the commencement or continuation of any action against BVI, including without limitation, the case captioned Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd., Case No.: 9:09-cv-80207-KAM pending in the U.S. District Court Southern District of Florida (West Palm Beach Division);

	d.	entrusting the administration or realization of all or part of BVI's assets located in the United States to the Foreign Representative, in order to protect and

preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy;

  e. suspending the right to transfer, encumber or otherwise dispose of any of BVI's assets to the extent this right has not been suspended under section 1520(a);

  f. providing for the examination of witnesses, the taking of evidence or the delivery of information concerning BVI's assets, affairs, rights, obligations, or liabilities;

  g. granting any additional relief that may be available to a trustee, except for the relief available under sections 522, 544, 545, 547, 548, 550, and 724(a).

  3. The Court retains jurisdiction to enforce the terms of this Order.

###

<u>Submitted by</u>:
Leyza F. Blanco, Esq.
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Leyza.blanco@gray-robinson.com
Telephone: (305) 416-6880
Facsimile: (305) 416-6887

Copies furnished to:
Leyza F. Blanco, Esq.

*(Attorney Blanco is directed to serve a conformed copy of this order upon all interested parties and file a Certificate of Service with this Court as instructed by the Court)*

# 153739 v1
10/15/09