UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

CHAPTER 15

CASE NO.: 10-21627-BKC-EPK

In re:

BRITISH AMERICAN ISLE OF VENICE
(BVI) LIMITED

    Debtor in a Foreign Proceeding

_____/

## GREEN ISLAND HOLDINGS, LLC'S MOTION FOR LEAVE TO APPEAL PURSUANT TO RULE 8001

    Creditor, GREEN ISLAND HOLDINGS, LLC ("GREEN ISLAND"), by and through its undersigned counsel and pursuant to Rules 8001 and 8003 of the United States Bankruptcy Rules and 28 U.S.C. §158, hereby moves for leave to appeal the *Order Granting Motion for Application of the Automatic Stay [C.P. #3]* **[DE #7]**, and states:

### Brief Statement of Facts and Background

    1.    On February 19, 2009, GREEN ISLAND filed a Complaint in the United States District Court for the Southern District of Florida against BRITISH AMERICAN ISLE OF VENICE (BVI), LTD. ("ISLE OF VENICE") for breach of a promissory note and to foreclose on collateral (*Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd.*, Case No.: 9:09-cv-80207-KAM) (the "District Court Proceeding").

*In re: British American Isle of Venice (BVI), Ltd.*
Chapter 15
Case No.: 10-21627-BKC-PGH
Green Island's Motion for Leave to Appeal

2.      On March 30, 2010, GREEN ISLAND moved for summary judgment, supported by affidavits, in the District Court Proceeding.

3.      Thereafter, on April 29, 2010, ISLE OF VENICE responded to the Motion for Summary Judgment and following its motion for extension of time, filed an affidavit in support of its Response to GREEN ISLAND's Motion for Summary Judgment.

4.      On the same day, Casey McDonald ("McDONALD"), as a purported representative of Debtor ISLE OF VENICE initiated the instant proceedings by filing a Verified Petition for Recognition of Foreign Main Proceeding (the "Petition") **[DE #1].** In conjunction with the Petition, McDONALD filed an Emergency Motion of Foreign Representative for Application of Automatic Stay Pursuant to 11 U.S.C. §§105(a), 1519 and 1521 (the "Emergency Motion") **[DE # 3].**

5.      In the Emergency Motion, McDONALD requested that the Court, *inter alia,* stay the District Court Proceeding pursuant to §1519.

6.      On April 30, 2010, the Court scheduled a brief ten (10) minute non-evidentiary hearing on the Emergency Motion.

7.      Notwithstanding the fact that McDONALD was notified on April 30, 2010 that the requested "emergency" hearing would be held at 9:30am on **May 4, 2010**, his counsel did not inform GREEN ISLAND of said hearing until the afternoon of **May 3, 2010.** A true and correct copy of the email received by undersigned counsel informing GREEN ISLAND of the hearing is attached hereto as **Exhibit "A."**

8.      Accordingly, given less than a one business-day's notice, undersigned counsel was unable to attend the hearing in-person and was only able to appear by phone.

2

*In re: British American Isle of Venice (BVI), Ltd.*
Chapter 15
Case No.: 10-21627-BKC-PGH
Green Island's Motion for Leave to Appeal

9.     At said hearing, undersigned counsel objected to the relief requested by McDONALD based on McDONALD's failure to satisfy §1519(e)'s requirement that he prove entitlement to the requested relief by meeting the standards for an injunction.

10.     Notwithstanding McDONALD's failure to meet his burden, the Court granted the Emergency Motion.

11.     The Order granting McDONALD's Emergency Motion was entered on May 6, 2010 [DE #7]. A true and correct copy of the Order is attached hereto as **Exhibit "B."**

**Issue on Appeal**

12.     Whether the Court erred in concluding that the Emergency Motion met the requirements for proving entitlement to an injunction pursuant to 11 U.S.C. §1519(e) where no evidence was presented to establish that: (1) ISLE OF VENICE has a likelihood of success on the merits; (2) ISLE OF VENICE would suffer irreparable harm if the relief was not granted; (3) the granting of the requested relief would not result in even greater harm to GREEN ISLAND; or (4) the public interest favors the requested relief.

**Relief Sought**

13.     The relief sought on appeal would include vacating the Order granting the Emergency Motion and issuing an Order denying the Emergency Motion, or in the alternative ordering an evidentiary hearing on the Emergency Motion.

*In re: British American Isle of Venice (BVI), Ltd.*
Chapter 15
Case No.: 10-21627-BKC-PGH
Green Island's Motion for Leave to Appeal

## Reasons Why the Motion for Leave to Appeal Should Be Granted

14.     At the hearing on the Emergency Motion, the Court correctly concluded that the standards for injunction apply to requests for relief under §1519. *See* §1519(e).

15.     It is well-established that in order for a movant to meet the requirements of proving entitlement to injunctive relief, it must show:

     a. A substantial likelihood of success on the merits;
     b. That irreparable injury will be suffered unless the injunction issues;
     c. The threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and
     d. If issued, the injunction would not be adverse to the public interest.

*McDonald's Corporation v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998).

16.     In this case, McDONALD failed to satisfy any of these elements, and in fact the Emergency Motion did not even address all the elements that McDONALD was required to prove.

17.     As such, this Court should grant leave to appeal the Order so that GREEN ISLAND may file a formal and complete brief addressing the above referenced issues.

WHEREFORE, Creditor GREEN ISLAND HOLDINGS, LLC respectfully requests that this Court grant leave of court to appeal the Order Granting Motion for Application of the Automatic Stay [C.P. #3], and for such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on May 20, 2010, upon Leyza F. Blanco, Esquire, GrayRobinson, P.A., 1221 Brickell Avenue, Suite 1600, Miami, Florida 33131.

*In re: British American Isle of Venice (BVI), Ltd.*
Chapter 15
Case No.: 10-21627-BKC-PGH
Green Island's Motion for Leave to Appeal

## CERTIFICATE OF ADMISSION

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

Dated: May 20, 2010.

> The DuBosar Law Group, P.A.
> Creditor, Green Island Holdings, LLC
> 120 East Palmetto Park Road, Suite 100
> Boca Raton, Florida 33432
> Phone: (561) 544-8980/ Fax: (561) 544-8988
> E-Mail: dubosarh@dubolaw.com

By:_____ /s/ Howard D. DuBosar_____
Howard D. DuBosar
Florida Bar No. 729108

**Robert Sheres**

| | |
|---|---|
| **From:** | Jennifer Ceide [Jennifer.Ceide@gray-robinson.com] |
| **Sent:** | Monday, May 03, 2010 12:03 PM |
| **To:** | Howard DuBosar; Robert Sheres |
| **Cc:** | Leyza F. Blanco; Ileana E. Christianson |
| **Subject:** | In re: Britsh American Isle of Venice – Please review attached |
| **Attachments:** | Corporate Ownership Statement.pdf; Emergency Motion for Stay.pdf; Exhibit A.pdf; Exhibit B.pdf; Notice of Hearing.pdf; Verified Petition for Recognition.pdf; Voluntary Petition.PDF |

Good Afternoon:

Please review attached documents, please be advised that there is an emergency hearing tomorrow at 9:30 a.m. on the above referenced document.

Have a nice day!

Thank you,
Jennifer

## Jennifer Ceide

Assistant to Leyza Blanco and Ileana Christianson
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
Main: 305-416-6880 | Fax: 305-416-6887

**GRAY | ROBINSON**
ATTORNEYS AT LAW

This e-mail is intended only for the individual(s) or entity(s) named within the message. This e-mail might contain legally privileged and confidential information. If you properly received this e-mail as a client or retained expert, please hold it in confidence to protect the attorney-client or work product privileges. Should the intended recipient forward or disclose this message to another person or party, that action could constitute a waiver of the attorney-client privilege. If the reader of this message is not the intended recipient, or the agent responsible to deliver it to the intended recipient, you are hereby notified that any review, dissemination, distribution or copying of this communication is prohibited by the sender and to do so might constitute a violation of the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521. If this communication was received in error we apologize for the intrusion. Please notify us by reply e-mail and delete the original message without reading same. Nothing in this e-mail message shall, in and of itself, create an attorney-client relationship with the sender.

Disclaimer under Circular 230: Any statements regarding tax matters made herein, including any attachments, are not formal tax opinions by this firm, cannot be relied upon or used by any person to avoid tax penalties, and are not intended to be used or referred to in any marketing or promotional materials.

1





**ORDERED in the Southern District of Florida on May 06, 2010.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

In re:                                                      Chapter 15

BRITISH AMERICAN ISLE OF VENICE                             Case No.: 10-21627-BKC-PGH
(BVI) LIMITED

            Debtor in a Foreign Proceeding
_____/

### <u>ORDER GRANTING MOTION FOR APPLICATION OF THE AUTOMATIC STAY</u> <u>[C.P. #3]</u>

THIS MATTER came before the Court on May 4, 2010 upon Casey McDonald's ("Foreign Representative"), as duly appointed Liquidator for British American Isle of Venice ("BVI"), Motion for Application of the Automatic Stay [C.P. #3], ("Motion to Stay"). The Court, having reviewed the Motion to Stay, heard argument of counsel, and the relevant record in this case, **FINDS**:

A.      That pursuant to 11 U.S.C §§ 105(a) and 1519 of the United States Bankruptcy Code, until the Court rules on the petition for recognition of a foreign proceeding, the Court, pursuant



EXHIBIT

B

to the request of the Foreign Representative and his Motion to Stay, finds that certain relief is urgently needed to protect BVI's assets and the interests of its creditors, and thus grants the following relief.

B.    That absent the relief granted herein, BVI will likely suffer irreparable harm.

C.    That the Motion to Stay meets the requirements of 11 U.S.C. § 1519(e).

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1.    The Motion to Stay is GRANTED.

2.    Pursuant to 11 U.S.C §§ 105(a) and 1519 of the United States Bankruptcy Code, from the time of BVI's filing of its petition for recognition of a foreign proceeding until the Court rules on such petition, the Court, pursuant to the request of the Foreign Representative and his Motion to Stay, finds that certain relief is urgently needed to protect BVI's assets and the interests of its creditors, and thus grants relief of a provisional nature, including:

a.    staying execution by any and all persons or entities and the against BVI and BVI's assets located in the United States;

b.    extending the automatic stay imposed by 11 U.S.C. § 362 to BVI and BVI's assets located in the United States;

c.    staying the commencement or continuation of any action against BVI, including without limitation, the case captioned Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd., Case No.: 9:09-cv-80207-KAM pending in the U.S. District Court Southern District of Florida (West Palm Beach Division);

d.    entrusting the administration or realization of all or part of BVI's assets located in the United States to the Foreign Representative, in order to protect and

preserve the value of assets that, by their nature or because of other circumstances, are perishable, susceptible to devaluation or otherwise in jeopardy;

      e.      suspending the right to transfer, encumber or otherwise dispose of any of BVI's assets to the extent this right has not been suspended under section 1520(a);

      f.      providing for the examination of witnesses, the taking of evidence or the delivery of information concerning BVI's assets, affairs, rights, obligations, or liabilities;

      g.      granting any additional relief that may be available to a trustee, except for the relief available under sections 522, 544, 545, 547, 548, 550, and 724(a).

      3.      The Court retains jurisdiction to enforce the terms of this Order.

###

Submitted by:
Leyza F. Blanco, Esq.
GrayRobinson, P.A.
1221 Brickell Avenue, Suite 1600
Miami, FL 33131
Leyza.blanco@gray-robinson.com
Telephone:    (305) 416-6880
Facsimile:    (305) 416-6887

Copies furnished to:
Leyza F. Blanco, Esq.

*(Attorney Blanco is directed to serve a conformed copy of this order upon all interested parties and file a Certificate of Service with this Court as instructed by the Court)*

# 153739 v1
10/15/09