UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

BRITISH AMERICAN ISLE OF VENICE
(BVI) LIMITED,

    Debtor in a Foreign Proceeding
_____/

CHAPTER 15
CASE NO.: 10-21627-BKC-EPK

**MOTION FOR RELIEF FROM STAY IMPOSED PURSUANT TO 11 U.S.C. §§ 105(A), 1519, and 1521**

    Creditor, GREEN ISLAND HOLDINGS, LLC ("GREEN ISLAND"), by and through its undersigned counsel and pursuant to 11 U.S.C. §362(d) and Rules 4001 and 9014, Fed. R. Bankr. P., and Local Rule 4001-1, moves this Court for entry of an Order granting GREEN ISLAND relief from stay so that the Court in the case styled *Green Island Holdings, LLC v. British American Isle of Venice (BVI), Ltd.,* Case No.: 9:09-cv-80207-KAM (the "District Court Proceeding"), may rule on the fully-briefed Motion for Summary Judgment pending before it, and as grounds therefor states:

### I.    JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334.

2.    This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(P).

3.    Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.    PROCEDURAL BACKGROUND

*a.  The District Court Proceeding*

4.    On February 19, 2009, GREEN ISLAND filed a Complaint in the United States District Court for the Southern District of Florida against BRITISH AMERICAN ISLE OF

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

VENICE (BVI), LTD. ("ISLE OF VENICE") for breach of a promissory note and to foreclose on collateral (the "District Court Proceeding").

5. On March 30, 2010, GREEN ISLAND moved for summary judgment. A true and correct copy of *Green Island Holdings, LLC's Motion for Summary Judgment* (the "Motion for Summary Judgment") and supporting affidavits are attached hereto as **Composite Exhibit "A."**

6. On April 23, 2010, ISLE OF VENICE served its response to the Motion for Summary Judgment. A true and correct copy of *British American Isle of Venice (BVI), Ltd's Response to Green Island Holdings, LLC's Motion for Summary Judgment* (the "Response") is attached hereto as **Exhibit "B."**

7. In the Response, ISLE OF VENICE did little more than recite its initial allegations set forth in its Answer and Affirmative Defenses and it did not raise any genuine issue of material fact.

8. On April 27, 2010, Defendant filed an untimely motion for extension of time to file supporting affidavits, which the court granted.

9. On April 29, 2010, ISLE OF VENICE filed the *Affidavit in Support of British American Isle of Venice (BVI), Ltd's Response to Green Island Holdings, LLC's Motion for Summary Judgment* ("Casey McDonald's Affidavit"). A true and correct copy of Casey McDonald's Affidavit is attached hereto as **Exhibit "C."**

10. As further discussed below, Casey McDonald's Affidavit was not made from personal knowledge, was conclusory in nature, and was not acknowledged before an officer authorized to take oaths. Therefore, it is legally insufficient to create any genuine issue of material fact.

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

11. Accordingly, on May 4, 2010, GREEN ISLAND filed its reply to the Response. A true and correct copy of *Plaintiff's Reply to Defendants Response to Plaintiff's Motion for Summary Judgment* (the "Reply") is attached hereto as **Exhibit "D."**

12. All of the pleadings, affidavits, and other evidence necessary for the Court to rule on the Motion for Summary Judgment have been presented to the Court. Furthermore, neither party requested oral argument or a hearing on the Motion for Summary Judgment.

13. As such, the District Court has the ability to rule on the Motion for Summary Judgment without any further effort or expense on behalf of either GREEN ISLAND or ISLE OF VENICE.

  b. *The Instant Recognition Proceeding*

14. After having fully briefed and submitted its response to the Motion for Summary Judgment and supporting affidavit, on April 29, 2010, Casey McDonald ("McDONALD") filed a *Verified Petition for Recognition of Foreign Main Proceeding* on behalf of ISLE OF VENICE (the "Petition") **[DE #1]**. In conjunction with the Petition, McDONALD filed an *Emergency Motion of Foreign Representative for Application of Automatic Stay Pursuant to 11 U.S.C. §§105(a), 1519 and 1521* (the "Emergency Motion") **[DE # 3].**

15. In the Emergency Motion, McDONALD requested that the Court, *inter alia,* stay the District Court Proceeding pursuant to §1519.

16. Even though McDONALD and his counsel were given four-days notice that the hearing on the Emergency Motion would take place at 9:30 a.m. on May 4, 2010, they waited until the afternoon before the hearing to notify GREEN ISLAND of the hearing and provide its

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

counsel with the Emergency Motion. Given the short notice, the undersigned counsel participated in the hearing by telephone.

17. At the ten-minute, non-evidentiary hearing, undersigned counsel objected to the relief requested by McDONALD because McDONALD had failed to satisfy §1519(e)'s requirement that he prove entitlement to said relief by meeting the standards for an injunction.

18. Moreover, at the hearing, counsel for ISLE OF VENICE misrepresented to the Court that "the law in [the British Virgin Islands] would have stayed" the District Court Proceeding.

19. In fact, as further discussed below, BVI law specifically allows a secured creditor to continue to foreclose on collateral. Accordingly, the foreclosure counts in the District Court Proceeding are not stayed under BVI law.

20. Notwithstanding the foregoing, on May 6, 2010, the Court granted the Emergency Motion **[DE #7],** applied the automatic stay under by 11 U.S.C. §362 to ISLE OF VENICE, its assets in the United States, and the District Court Proceeding.

21. In essence, Judge Hyman's Order has accorded greater relief in an ancillary proceeding that McDONALD would have been entitled to under BVI law in the foreign proceeding.

### III.    MEMORANDUM OF LAW

**A. GREEN ISLAND Claim to Foreclose on and Recover its Collateral in the District Court Proceeding is Authorized under BVI Law**

Section 175(b) of the BVI Insolvency Act of 2003 (the "BVI Insolvency Act") unambiguously provides that secured creditors are authorized to pursue claims to recover their

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

collateral from a debtor in liquidation. This right is unaffected by any stay imposed by the BVI court. Specifically, §175 of the BVI Insolvency Act provides, in relevant part, as follows:

> **(1) Subject to subsection (2),** with effect from the commencement of the liquidation of a company
>
> > (c) unless the Court otherwise orders, no person may
> >
> > > (i) commence or proceed with any action or proceeding against the company or in relation to its assets, or
> > >
> > > (ii) exercise or enforce, or continue to exercise or enforce any right or remedy over or against assets of the company.
>
> **(2) Subsection (1) does not affect the right of a secured creditor to take possession of and realise or otherwise deal with assets of the company over which that creditor has a security interest.**

(emphasis applied). A true and correct copy of §175 of the BVI Insolvency Act is attached hereto as **Exhibit "E."** The full text of the BVI Insolvency Act can be found at http://www.lexadin.nl/wlg/legis/nofr/oeur/lxwebvi.htm.

In the District Court Proceeding, GREEN ISLAND, a secured creditor of ISLE OF VENICE, is seeking to foreclose on membership interests in a company that were pledged to it as collateral. Section 175(2) unequivocally authorizes GREEN ISLAND to continue to pursue such relief. Therefore, McDONALD should not have requested and the Court should not have ordered a stay against the continuation of the foreclosure count of the District Court Proceeding.

In the Petition, McDONALD purports to have been appointed Provisional Liquidator, and subsequently Liquidator, of ISLE OF VENICE pursuant to §170(1) of the BVI Insolvency Act. *See* Petition at ¶¶5-6. Moreover, the order appointing McDONALD as Liquidator provides that McDONALD's powers and the BVI Proceeding are governed by the BVI Insolvency Act. *See* BVI Order of Appointment attached as an exhibit to the Petition. Therefore,

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

McDONALD and his counsel knew or should have known that §175(2) of the BVI Insolvency Act authorizes GREEN ISLAND to pursue its foreclosure claim in the District Court Proceeding. Notwithstanding the clear language in §175(2), McDONALD's counsel made the following misrepresentation to the Court:

> **This Court should also be aware that by virtue of the British Virgin Islands pending proceeding, in which my client is appointed liquidator, there is a stay in that proceeding, very similar to the stay that bankruptcy courts here issue when proceedings of insolvency are issues.** However, extraterritorially it's very difficult for courts to employ or enforce those stays, and that why Chapter 15 exists.
>
> **[The District Court Proceeding], technically, if read, the law in BVI would have stayed it. We're here because the proceeding has continued**. The liquidator has to some degree defended it, but it's now at the point where, in order to protect the assets, it's now time to seek assistance from this Court here in the US to stay that proceeding, and that's where we are at the moment.

Transcript of hearing on Emergency Motion to Stay 5/4/2010 at pg. 4, ln. 21 – pg. 5, ln. 12 (emphasis applied). A true and correct copy of said transcript is attached hereto as **Exhibit "F."** This assertion was clearly false and was either made intentionally to deceive the Court or with reckless disregard for the truth. It is questionable whether the Court would have stayed the foreclosure count of the District Court Proceeding had the Court not been mis-informed of BVI law as applied to the claims of this secured creditor. As such, this Court should lift the stay so that GREEN ISLAND may continue to pursue its claim to recover its collateral in the District Court Proceeding.

      Undersigned counsel would have addressed the foregoing at the hearing on the Emergency Motion had he been afforded an opportunity to adequately prepare for same. Unfortunately, McDONALD's counsel, waited until the afternoon before the 9:30am hearing to inform GREEN ISLAND's counsel of the hearing and provide him with the Emergency Motion.

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

This tactic and the above referenced misrepresentation (or, at the very least, incomplete characterization) of BVI law resulted in the necessity of filing the instant motion. As such, this Court should consider directing McDONALD and his counsel to show cause why it should not be sanctioned pursuant to Rule 9011(c)(1)(B).

    B. **The Court Should Lift and/or Modify the Stay So that GREEN ISLAND May Pursue its Claims in the District Court Proceeding**

As discussed above, under BVI law, GREEN ISLAND is undeniably entitled to pursue its claim to foreclose on collateral in the District Court Proceeding. With respect to GREEN ISLAND's claim on the promissory note, this Court should grant GREEN ISLAND relief from stay to liquidate the claim. It is well-established, that upon the filing of a petition for recognition, the debtor is *not* automatically entitled to any relief, let alone the relief afforded by the automatic stay. *See In re Pro-Fit International, Ltd.,* 391 B.R. 850, 864 (C.D. Cal. 2008) (noting that "in some chapter 15 cases, the automatic stay never comes into effect.") Instead, § 1519(a) permits a court to grant provisional relief during the gap period between the filing of a petition for recognition and the court's ruling on recognition when such relief is "*urgently* needed to protect the assets of the debtor or the interests of the creditors." §1519(a) (emphasis applied); *In re Pro-Fit,* 391 B.R. at 858. Because automatic stay relief under §362 "is one of the most powerful forms of preliminary relief available in a U.S. court," the debtor must meet the stringent standards required for proving entitlement to a preliminary injunction before a court may award such relief. *In re Pro-Fit,* 391 B.R. at 861-62.

In the event that a court grants a debtor's request for application of the automatic stay, creditors affected by the stay are entitled to seek relief from the stay in accordance with 11 U.S.C. §362(d). *Id.* at 363. Pursuant to §362(d)(1), "the court shall grant relief from the stay . . .

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

by terminating, annulling, modifying, or conditioning such stay for **cause** . . . ." Because "cause," is not defined in the Bankruptcy Code, courts make this discretionary determination on a case by case basis. *In re Makarewicz,* 121 B.R. 262, 265 (S.D. Fla. 1990); *In re South Oakes Furniture, Inc.,* 167 B.R. 307 (M.D. Ga. 1994). "Cause" exists and the automatic stay should be lifted "in circumstances where it would be more appropriate to permit proceedings to continue in their original place of origin when no great prejudice to the bankruptcy estate will result." *In re Makarewicz,* 121 B.R. at 264. In light of the fact that the automatic stay is intended "to prohibit any further **collection** attempts by creditors," it is appropriate in certain circumstances for a court to allow a creditor to obtain, but not execute, a judgment. *In re Makarewicz,* 121 B.R. at 264 (emphasis applied); *see In re South Oakes,* 167 B.R. at 309. In order to determine whether a stay should be lifted to allow a pending lawsuit to continue, courts apply the following three part test:

(a) Whether any "great prejudice" to either the bankrupt estate or the debtor will result from continuation of a civil suit;

(b) Whether the hardship to the [creditor] by maintenance of the stay considerably outweighs the hardship to the debtor; and

(c) Whether the creditor has a probability of prevailing on the merits of the case.

*In re Makarewicz,* 121 B.R. at. at 265.

Applying this test, in *In re South Oaks,* the court held that a stay should be lifted to permit a pending lawsuit to continue when a motion for summary judgment is before the other tribunal. *See In re South Oakes,* 167 B.R. at 309. The court explained that permitting an action to continue through judgment when a motion for summary judgment is already pending is appropriate for purposes of judicial economy and because it would absolve the debtor's "estate

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

from incurring the costs [of] re-litigating issues already presented to a court of competent jurisdiction," the *Id.* Specifically, it stated as follows:

> The first hurdle of the . . . test requires this court to consider whether any "great prejudice" to the estate will be suffered by allowing the state court action to proceed. This Court is satisfied that no such prejudice will resulting from lifting the stay.
>
> This Court has the authority to modify and condition the automatic stay. Therefore, this Court may allow the state court action to proceed to judgment without allowing Movant to execute its judgment. By modifying the automatic stay to allow Movant to liquidate its claim against the debtor in state court, Movant would have no advantage over other creditors of the estate.
>
> Movant is ready to proceed with its cause of action whether in an adversary proceeding before this Court or in the prior pending state court action. There is a motion for summary judgment pending in state court. If that motion is granted, Movant will have expeditiously reduced its claim to judgment. If the motion is not granted, the state court is familiar with the facts and law regarding Movant's claim and can conduct a trial on the case. Regardless of whether summary judgment or trial results, judicial economy is served by allowing the state court action to proceed to judgment.

*Id.* (internal citations omitted).

In the instant proceeding, the Court should similarly grant GREEN ISLAND relief from stay because the ISLE OF VENICE will not be prejudiced by the continuation of the District Court Proceeding, the hardship on GREEN ISLAND by maintaining the stay considerably outweighs any hardship on ISLE OF VENICE, and GREEN ISLAND is likely to succeed on the merits of its case.

> a. <u>Isle of Venice's Estate Will Not be Prejudiced from the Continuation of District Court Proceeding</u>

ISLE OF VENICE contends that District Court Proceeding should be stayed because it "is impairing the Foreign Proceeding by distracting [ISLE OF VENICE's] attention and depleting its limited resources." Emergency Motion at ¶ 15. The inquiry, however, as to whether

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

a proceeding should be allowed to continue is not whether resources **have been** expended prior to the institution of the stay, but whether "any 'great prejudice' . . . **will result** from continuation of a civil suit." *In re Makarewicz,* 121 B.R. at. at 265.  Here, no great prejudice will result to ISLE OF VENICE from the continuation of the District Court Proceeding.

The Motion for Summary Judgment, Response, Reply, as well as all affidavits and other evidence in support of the parties' pleadings have been submitted to the court.  Moreover, the discovery deadline has expired and neither party has requested oral argument or a hearing on the motion.  Consequently, the Court may rule on the filings without either party incurring any additional expenses.  *See* Southern District of Florida Local Rules 7.1(B) and 7.5.  Additionally, as explained by the court in *South Oakes,* obtaining a judgment without the ability to execute same, does not  provide the creditor with any advantage over other creditors in a bankruptcy proceeding. *In re South Oaks,* 167 B.R. at 309.

It should be noted that McDONALD contends that he has already "expended valuable time and resources of [ISLE OF VENICE] up to this point of the filing of this proceeding" in defending the District Court Proceeding. Emergency Motion at ¶15. This fact militates in favor of allowing the District Court to rule on the Motion for Summary Judgment or otherwise proceed through judgment.  It is nonsensical and imprudent for the parties to expend unnecessary resources re-litigating issues and claims are already briefed and presented to a court of competent jurisdiction.  *See In re South Oakes,* 167 B.R. at 309.  As such, no "great prejudice" would result from continuation of the District Court Proceeding and the continuation of said proceeding is in the interest of judicial economy.

    b. *The Hardship to Green Island  by Maintenance of the Stay Considerably Outweighs the Any Hardship to Isle of Venice by Modifying the Stay*

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

As discussed above, no harm will result to ISLE OF VENICE by modifying the stay to allow the District Court Proceeding to proceed through judgment on GREEN ISLAND's claim against it on the promissory note. Conversely, the hardship on GREEN ISLAND which would result if GREEN ISLAND was not permitted to recover its collateral could be devastating. Upon information and belief, McDONALD is currently engaging in conduct which may have the effect of completely diluting the value of the collateral which GREEN ISLAND is authorized under BVI law pursue unfettered.

Specifically, ISLE OF VENICE pledged 100% Membership Interest in Green Island Ventures, LLC ("Ventures") to GREEN ISLAND as collateral for a promissory note. Thereafter, ISLE OF VENICE defaulted on the promissory note. The single asset owned by Ventures, is a parcel of real property in Osceola County, Florida. Therefore, the value of GREEN ISLAND's collateral is directly linked to Ventures' ownership of said property. In McDONALD's most recent report to ISLE OF VENICE's creditors, with respect to Ventures' property, he asserted the following: "I am currently in negotiations with a potential buy for the property and I am trying to coordinate a site visit with the potential buyer in the first half of May 2010." *See British American Isle of Venice (BVI) Ltd. (In Liquidation) ("the Company") First Report to Creditors* at pg. 3. A true and correct copy of said report is attached hereto as **Exhibit "G."** If McDONALD successfully sells or otherwise disposes of the property, GREEN ISLAND's collateral will become essentially worthless. Accordingly, any further delay in allowing GREEN ISLAND to recover its collateral has the potential of resulting in significant harm to GREEN ISLAND. As such, the maintenance of the hardship on GREEN ISLAND by the maintenance of the stay vastly outweighs any hardship to ISLE OF VENICE.

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

    *c. <u>Green Island has a Strong Probability of Prevailing on the Merits</u>*

    In determining whether to modify or lift the stay on the continuation of the District Court Proceeding, the Court must consider GREEN ISLAND's probability of prevailing on the merits in that proceeding. It is important to note, however, that "[t]he Court need not decide whether [GREEN ISLAND] will prevail in its claim, only whether [GREEN ISLAND] demonstrated a *probability* of success." *In re South Oakes,* 167 B.R. at 310 (emphasis in original). For the following reasons, GREEN ISLAND is likely to succeed on the merits its case. GREEN ISLAND asserted a claim against ISLE OF VENICE for breach of a promissory note and to foreclose on collateral pledged as security for the note. Two of ISLE OF VENICE's alleged defenses were previously stricken and therefore only three remain. As described in detail in the Motion for Summary Judgment, attached hereto, each remaining defense is disproven by the affidavits and other evidence or is otherwise legally insufficient to preclude summary judgment.

    Accordingly, ISLE OF VENICE was required to go beyond the pleadings and present specific evidence establishing either the presence of a genuine issue of material fact or that the GREEN ISLAND is not entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324-26 (1986). It failed to do so. In its Response, ISLE OF VENICE merely re-asserted the unsupported defenses alleged in its Answer and Affirmative Defenses. The only affidavit filed by ISLE OF VENICE in opposition to the Motion for Summary Judgment is, as explained in GREEN ISLAND's Reply, woefully deficient and does not satisfy the requirements for consideration by the District Court. Specifically, the affiant, McDONALD, did not assert that the facts set forth in his affidavit were based on his own personal knowledge. Thus, McDONALD failed to demonstrate that he was competent to testify to the matters set forth in the

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

affidavit. *See* Fed R. Civ. P. 56(e)(1). Furthermore, the affidavit did not evidence that same was executed before an officer authorized to take oaths. *See Local Union No. 490, et al v. Kirkhill Rubber Co.,* 367 F.2d 956 (9th Circ. 1966); *See also Ham Investments, LLC v. United States,* 89 Fed. CL 537 (U.S. Fed. Claims 2009) (an affidavit must be under oath and contain the signature of *both* the affiant and an officer authorized to take oaths.) Accordingly, the Court will likely conclude that ISLE OF VENICE failed to satisfy its burden and therefore GREEN ISLAND will be entitled to summary judgment as a matter of law.

For the foregoing reasons, the stay against the continuation of the District Court Proceeding should be lifted and McDONALD should not be accorded relief in this ancillary proceeding that he is not entitled to in the BVI proceeding for which he is seeking recognition.

WHEREFORE, Creditor GREEN ISLAND HOLDINGS, LLC respectfully requests that this Court issue an Order lifting the stay against the continuation of the District Court Proceeding so that GREEN ISLAND may obtain a judgment on is claim for breach of the promissory note and to execute any judgment obtained with respect to GREEN ISLAND's claim to foreclose on its collateral. Moreover, this Court should direct McDONALD and his counsel to show cause why it should not be sanctioned pursuant to Rule 9011(c)(1)(B), and for such other and further relief as this Court deems just and proper.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on May 28, 2010, upon Leyza F. Blanco, Esquire, GrayRobinson, P.A., 1221 Brickell Avenue, Suite 1600, Miami, Florida 33131.

In re: *British American Isle Of Venice (BVI) Limited*
Case No.: 10-21627-BKC-EPK
_____

## **CERTIFICATE OF ADMISSION**

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2090-1(A).

Dated: May 28, 2010.

        The DuBosar Law Group, P.A.
        Creditor, Green Island Holdings, LLC
        120 East Palmetto Park Road, Suite 100
        Boca Raton, Florida 33432
        Phone: (561) 544-8980/ Fax: (561) 544-8988
        E-Mail: dubosarh@dubolaw.com


By:    /s/ Howard D. DuBosar
        Howard D. DuBosar
        Florida Bar No. 729108